## APPEAL OF S. STANWOOD MENKEN

Docket No. 5771.   Promulgated October 29, 1927.

A taxpayer may not take as a deduction on his individual tax return a proportionate part of a bad debt due to a partnership of which he was a member.

*B. B. Pettus, Esq., Edward Clifford, Esq.*, and *Wilton H. Wallace, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income tax for the year 1918 in the amount of $2,715.20. The deficiency arises from the Commissioner's action in refusing to allow as a deduction from petitioner's gross income in 1918, an amount of $11,666.66 representing an alleged bad debt.

### FINDINGS OF FACT.

Petitioner is an individual residing in the City of New York, where he is actively engaged in the practice of law as a member of a partnership in which he owned a one-third interest during 1918 and for many years prior thereto.

During the fall of 1909 the law partnership was engaged by four individuals to render services in connection with the acquisition and consolidation of various independent telephone lines of the country and in the formation of the Continental Telegraph & Telephone Co. The four individuals were John A. Howard, Herman Stieffel, Max Koehler, and Samuel O. Harper. A large amount of time was spent on the matter by the partnership during 1909, 1910, and 1911. The proposed merger failed in 1911 and was abandoned. In 1911 Howard, one of the active parties, failed and went into bankruptcy. Some

time in 1912 it was verbally agreed between the petitioner and John A. Howard that under the circumstances a reasonable fee for services rendered would be $35,000. Prior to the agreement in 1912, no definite fee for services had been agreed upon between the parties involved. The partnership was on a cash receipts and disbursements basis. It does not appear when, if at all, the account was charged on its books and it was never charged off. There is no evidence as to how, if at all, petitioner kept his personal books.

No part of the fee of $35,000 was ever received by the partnership or petitioner. No statement or bill for services was ever rendered, and little effort was made to collect the account. No action at law was brought against any one to force collection. Howard was a bankrupt and unable to pay, but Stieffel, Koehler and Harper were men of considerable means.

In his income-tax return for 1918, the petitioner deducted $11,-666.66, one-third of the fee of $35,000, from his gross income as a debt ascertained to be worthless and charged off during the taxable year. The Commissioner disallowed such deduction and determined the deficiency now in controversy.

#### OPINION.

VAN FOSSAN: From the record of this case it appears that petitioner was a member of a partnership engaged in the practice of law, and that the alleged bad debt arose from the failure of a group of persons engaged in promoting a telephone merger to pay for legal services furnished them by the partnership. The agreed charge for services not having been paid to the partnership, petitioner deducted as a bad debt on his personal income-tax return for 1918 an amount equal to one-third of the charge, said amount being proportionate to his interest in the partnership.

Petitioner is claiming the deduction as an individual. The debt was one owing to the partnership. A partnership, under the law though not itself taxable, must file a return and should take the partnership deductions. After computation of the net income the individuals must include their distributive shares in their individual tax returns. In this case the record is silent as to how the partnership treated the account in its return. Presumptively, its return was correctly made. If so, this alleged bad debt, if deductible, was deducted in the partnership return and its deduction has been reflected in the reduced proportionate share of net income received by petitioner. We do not know this to be the fact. The record is wanting, but we can not presume to the contrary. We know of no provision of law allowing a partner to take as a personal deduction on his individual return a proportionate part of a bad debt owing to a partnership of which he is a member.

Though the above decision makes it unnecessary to consider the case further, attention is called to the fact that it does not appear that the account was ever charged off the partnership's books or that it was ever carried into petitioner's books, either as a "charge on" or a "charge off." (See *Appeal of Charles Collin,* 1 B. T. A. 305; *J. Noble Hayes* v. *Commissioner,* 7 B. T. A. 936.) Our decision makes it unnecessary to consider whether or not the New York statute of limitations had run against the collection of the account, as contended by petitioner.

Reviewed by the Board.

*Judgment will be entered for the Commissioner.*